

**Philip D. Cook**
NAME

**F4033-84B**

CRIMINAL CASE NUMBER

**10449-007**

PRISON NUMBER

**Rivers Correctional Institution**

PLACE OF CONFINEMENT
*PoB 636*
*WINTON, NC 27986*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Philip D. Cook**

(Full Name)                                                )
                                                           )
                        Petitioner                         )
                                                           )
                                                           )
**Federal Bureau of Prisons**                              )
**320 First Street, NW**                                   )
**Washington, D.C. 20534**                                 )
                                                           )
                                                           )
custody of petitioner                                      )
                                                           )
                        Respondent                         )

CASE NUMBER  1:06CV02108

JUDGE: Emmet G. Sullivan

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 12/██/2006

(If petitioner has a sentence to be served in the future under a Federal judgment which he wishes to attack, he should file a motion in the Federal Court which entered the judgment)

PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN CUSTODY

INSTRUCTIONS—PLEASE READ CAREFULLY

(1)    This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2)    Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)    Upon receipt your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District Court.

If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. However, if your prison account exceeds $100.00 you will not be considered as eligible to proceed in forma pauperis and must pay the $5.00 filing fee.

Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts you must file separate petitions as to each court.

Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

When the petition is fully completed, it must be mailed to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001.

Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.

## PETITION

(1)  Name and location of court which entered the judgment of conviction under attack **Superior Court of the District of Columbia**

(2)  Date of judgment of conviction **July 18, 1990**

(3)  Length of sentence **15 years**

(4)  Nature of offense involved (all counts)

(5)  What was your plea? (Check one)
   (a)  Not guilty (  )
   (b)  Guilty **xx**
   (c)  Nolo contendere (  )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

(6)  Kind of trial (Check one)
   (a)  Jury (  )
   (b)  Judge only ( **X**

(7)  Did you testify at the trial?

   Yes (  )     No (**X**)

(8)  Did you appeal from the judgment of conviction?

Yes ( )    No ( )

(9)  If you did appeal, answer the following:
    (a)  Name of court_____
    (b)  Result_____
    (c)  Date of result_____

(10)  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court?

Yes ( )    No ( )

(11)  If your answer to 10 was "yes", give the following information.
    (a)  (1)  Name of Court_____
         (2)  Nature of the proceedings_____

         (3)  Grounds raised_____
              _____
              _____
         (4)  _____

              Yes ( )    No ( )
         (5)  Result_____
         (6)  Date of result_____
    (b)  As to any second petition, application or motion give the same information:
         (1)  Name of court_____
         (2)  Nature of proceeding_____

         (3)  Grounds raised_____
              _____
              _____

         (4)  Did you receive an evidentiary hearing on your petition, application or motion?

              Yes ( )    No ( )
         (5)  Result_____
         (6)  Date of result_____
    (c)  As to any third petition, application or motion, give the same information:
         (1)  Name of court_____
         (2)  Nature of proceeding_____

         (3)  Grounds raised_____
              _____

_____
_____

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

Yes ( )        No ( )

(5)    Result _____

(6)    Date of result _____

(d)    Did you appeal to the highest court having jurisdiction the result of action taken on any petition, application or motion?

(1)    First petition, etc.    Yes ( )    No ( )
(2)    Second petition, etc.    Yes ( )    No ( )
(3)    Third petition, etc.    Yes ( )    No ( )

(e)    If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
_____
_____

12.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION:    If you were convicted in a District of Columbia court, you must ordinarily first exhaust your District of Columbia court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may also raise any grounds which you may have other than those listed if you have exhausted your District of Columbia court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)    Conviction obtained by use of coerced confession.
(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)    Conviction obtained by a violation of the privilege against self-incrimination.
(f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)    Conviction obtained by a violation of the protection against double jeopardy.
(h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)    Denial of effective assistance of counsel.

(j)    Denial of right of appeal.

A.    Ground one: **The Federal Bureau of Prisons has incorrectly computed**
Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): **petitioner's sentence.**

**See Supporting Brief**

B.    Ground two:

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

C.    Ground three:
Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

D.    Ground four:
Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

13.    If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them

14.    Do you have any petition or appeal pending in any court, either. District of Columbia or Federal, as to the judgment under attack?

Yes ( )        No (**X**)

15.    Give the names and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)    At preliminary hearing _____

    (b)    At arraignment and plea _____

    (c)    At trial _____

    (d)    At sentencing _____

    (f)    In any post-conviction proceeding _____

    (g)    On appeal from any adverse ruling in a post-conviction proceeding _____

16.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes ( )        No ( )

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ( )        No ( )

    (a)    If so, give name and location of court which imposed sentence to be served in the future: _____
_____

    (b)    And give date and length of sentence to be served in the future: _____

    (c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

        Yes ( )        No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I certify under penalty of perjury that the foregoing is true and correct.

NOV. 16, 06
_____        _____
Date                                Petitioner's Signature

## BRIEF IN SUPPORT OF PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

In support of petitioner's petition for a "Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241," petitioner asserts that he was sentenced in the Superior Court of the District of Columbia on July 18, 1990 to a term of fifteen (15) years. Petitioner was remanded to the exclusive custody of the D.C. Department of Corrections, and was transferred to the Central Facility in Lorton, Va., to serve his fifteen (15) year sentence.

In 1994, petitioner was released on parole by the D.C. Board of Parole, and ordered to report to a D.C. Parole Officer for supervision of the remainder of the fifteen (15) year sentence. In 1997, the D.C. Board of Parole violated petitioner's parole and re-incarcerated petitioner until the year 2000.

Petitioner asserts that the Federal Bureau of Prisons has failed to credit petitioner with time he was on parole under the exclusive custody of the D.C. Board of Parole from the years 1994 until 1997. Petitioner contends that he is entitled to this time based on the fact that he was under the exclusive supervision of the D.C. Board of Parole at the time his parole was revoked in 1997 and he was retaken into custody.

Petitioner asserts that at the time of his parole violation the time he spent on parole was governed by the "D.C. Good Times Credit Act of 1987," which stated that petitioner

**FILED**

06 2108

DEC 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

was entitled to all "street time" while on parole.  The **"Noble"**
case had not been decided, but even when it was decided, it
was stipulated by both parties that anyone that was under the
exclusive custody of the D.C. Department of Corrections and
the D.C. Board of Parole from April 11, 1987 until April 23,
1998 was entitled to be credited with all time spent on parole.
See **Noble** v. **U.S. Parole Commission**, 32 F.Supp.2d at 14 (See
Exhibit A).  Petitioner fit the necessary criteria for the
awarding of **"street time,"** this time would include from 1994
until 1997, time that the Federal Bureau of Prisons has failed
to award petitioner.

Finally, petitioner asserts that the Federal Bureau of
Prisons has failed to award petitioner the correct amount of
Statutory Good Time that his sentence should be allotted.
Petitioner was originally sentenced to a term of fifteen (15)
years imprisonment, therefore, petitioner is to be awarded
ten (10) days a month.  What the Federal Bureau of Prisons
has done is since petitioner's sentence has decreased to a
term of six (6) years, seven (7) months, they have only been
awarding him eight (8) days a month.  According to the Bureau
of Prisons own Policy Statement #5880.30, Chapter VII, page
40, and Chapter 13, page 2, it states:

> "(c) SGT will awarded on the amount of imprisonment time
> remaining to be served based on the same rate applicable
> to the sentence from which paroled and that SGT shall be
> substracted from the new EFT to establish the SRD of the
> PV term."

-2-

Petitioner asserts that pursuant to 18 U.S.C. § 4161 states the following:

" § 4161.  Computation generally.  Each prisoner convicted of an offense against the United States and confined in a penal or correctional instition for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not be subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:

Ten days for each month, if the sentence is ten years or more.

Petitioner asserts that his original sentence was fifteen (15) years, which means that he should be receiving ten (10) days a month, not eight (8) days a month.  Furthermore, petitioner asserts that there is nothing contained in this section (§ 4161) or any other section or statutory law which states that because the prisoner's sentence has decreased, his original SGT rate also decreases right along with the decreased sentence.  This a Congressionally mandated statute which states that petitioner is entitled to ten (10) days a month, not eight (8) days a month as the Federal Bureau of Prisons is presently giving petitioner.

WHEREFORE, in light of the aforementioned, petitioner prays that this honorable court issues the "Writ of Habeas Corpus" making the Respondent, the Federal Bureau of Prisons, "Show Cause," if any, why the petition for a "Writ of Habeas Corpus" should not be granted, and the relief which petitioner is seeking should not be granted in its entirety, and petitioner's sentence

be corrected.

Respectfully Submitted,

Philip D. Cook
Reg. No. 10449-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

-4-

14        32 FEDERAL SUPPLEMENT, 2d SERIES

sentence calculations based on whether they were under the supervision of the USPC or the DCBP. Noble was in the group of District parolees who were treated differently than those under District supervision. He contested the disparity that resulted from the differing interpretations by the DCPB and the USPC regarding §§ 24–206(a) and 24–431(a) and, while he prevailed before this Court, he ultimately lost on appeal. In *Noble IV* the D.C. Court of Appeals held, after reference from the Court of Appeals for the District of Columbia, that the USPC's interpretation was the correct one.

Because Noble always was under the supervision of the USPC, and because the USPC consistently followed § 24–206(a) and did not award credit for street time, Noble had no legitimate expectation of an earlier release date. Therefore, no constitutional implications are raised by the application of *Noble IV* to him. Noble is the very person covered by the decision of the D.C. Court of Appeals. Therefore, he comes within the holding of *Noble IV* and this Court must enforce that holding.

While this Court held in *Noble I* that the District's interpretation of the statutes was the correct and fair one (i.e., that the federal authorities should have been granting credit for street time based on § 24–431(a)), the decision was reversed by the D.C. Court of Appeals in *Noble IV.* This Court must apply and carry out the law and Noble will be held to that standard with no street time credits.

The parties and the amici have raised concerns about the rest of the prison population that will be affected by *Noble IV.* Indeed, the D.C. Court of Appeals flagged the question of "whether there should be any limitation on the class of prisoners the ruling should reach." *Id.,* at 1104. As a matter of logic it is clear that those who are under federal supervision, as Noble was, had no reasonable expectations that they would be granted credit for street time and therefore are bound by *Noble IV.*

3. In May 1998 the District of Columbia Department of Corrections issued a "Notice To All Inmate [sic]," stating, in part, that "[t]he Noble decision means that the Bureau of Prisons and the D.C. Department of Corrections are obligated to correct their erroneous sentence calculations by withdrawing credit for all times [sic] spent on

As to those who were under District supervision the issue is not so clear. It would seem that those inmates had the right to rely on the District's practice of granting credit for street time as pronounced in 28 D.C.M.R. § 601.7. There is nobody before the Court who has standing to litigate this issue. This is not a class action and the Court can rule only on issues that affect the parties before it. However, since the broader issue was fully briefed and argued, to assist the parties the Court did make clear at the December 9, 1998 hearing that in its opinion the District should not apply *Noble IV* retroactively to those who were under D.C. supervision from 1987 to April 23, 1998.[4] That group clearly has the right to rely on the District of Columbia's prior interpretation of its own laws. To prevent this Court from being swamped with petitions from those who fall in this group, the Court urges counsel for the District of Columbia to issue a release indicating that it would honor its past interpretation for the 1987 to April 23, 1998 period. For the reasons set forth above, Matthew Noble's request is denied.



**COMMONWEALTH LLOYDS INSURANCE CO., et al., Plaintiffs,**

v.

**MARSHALL, NEIL & PAULEY, INC., et al., Defendants.**

Civil Action No. 95–cv–0949 (JLG).

United States District Court, District of Columbia.

Dec. 22, 1998.

Inside multiparty litigation arising out of settling of subway system rails and costs

parole. In the cases [sic] of any such inmate currently serving a sentence that includes an unexpired D.C.Code parole violation term, this recalculation will have the effect of establishing new full term and mandatory release dates for these inmates." *See* Ex. I to Respondent's Brief on Remand.

P.S. 5880.30
July 16, 1993
Chapter VII, Page 40

(1)   In calculating time, the Parole Commission ". . . may order the forfeiture of the time during which the parolee so refused or failed to respond, and such time shall not be credited to service of the sentence" (**28 CFR § 52(c)(1)**).  If the inmate absconds during the parole supervision period in the community, he essentially removes himself from supervision and thus, the jurisdiction of the Parole Commission.  This **absconder** time, as just stated, may be forfeited by the Parole Commission.

The Parole Commission **Rules and Procedures Manual**,  Rule 2.52-01(b)(1), states in part,

> ". . . **The voluntary return of the parolee, or execution of the warrant (or filing of a detainer) marks the limit of the period which can be forfeited.  If no clear earlier date is possible, the date on which the warrant was issued should be used.  NOTE:  In all cases of failure to report or submit to supervision, the failure must have been intentional.  For example, if the parolee was hospitalized because of an emergency, no forfeiture should be made.  A parolee who absconds and then is detained as a result of a subsequent criminal charge should have time forfeited from the date he absconded till the date taken into custody on such charge (federal, state, local)."**

(2)   If the Parole Commission revokes parole and "forfeits" **absconder** (inoperative) time that occurred **between** the date of release and the EFT as it existed at the time of release, then the following procedures shall be followed:

(a)   The number of days in an **absconder** status (ordinarily the period of time from the date of abscondence to the date the warrant is executed before the EFT), as reported in the NOA, shall be added to the EFT as it existed at the time of release to establish a new EFT.

(b)   After the new EFT has been determined, the date the warrant was executed must be subtracted from the new EFT to establish the total number of years, months and days imprisonment time remaining to be served on the violator term.

(c)   SGT will be awarded on the amount of imprisonment time remaining to be served based on the same rate applicable to the sentence from which paroled and that SGT shall be subtracted from the new EFT to establish the SD of the PV term..

**Example No. VII - 37:**

**Sentence No. 1:**  Arrested on 04-12-79 and remained in continuous custody and sentenced on 05-12-79 to 6 years.  EFT was 04-11-85 and released by mandatory release on 09-13-83 with 576 days remaining.

P.S. 5880.30
July 16, 1993
Chapter XIII, Page 2

[(c)   The provisions of this rule do not apply to inmates sentenced under the Sentencing Reform Act provisions of the Comprehensive Crime Control Act of 1984.   This means that inmates sentenced under the Sentencing Reform Act provisions for offenses committed on or after November 1, 1987 are not eligible for either statutory or extra good time, but may be considered for a maximum of 54 days of good conduct time credit per year [see 18 U.S.C. § 3624(b)].

2.    [DEFINITIONS § 523.1.]

[(a)   "Statutory Good Time" means a credit to a sentence as authorized by 18 U.S.C. § 4161.   The total amount of statutory good time which an inmate is entitled to have deducted on any given sentence, or aggregate of sentences, is calculated and credited in advance, when the sentence is computed.]

[(b)   "Extra Good Time" means a credit to a sentence as authorized by 18 U.S.C. § 4162 for performing exceptionally meritorious service or for performing duties of outstanding importance in an institution or for employment in a Federal Prison Industry or Camp.   "Extra Good Time" thus includes Meritorious Good Time, Work/Study Release Good Time, Community Corrections Center Good Time, Industrial Good Time, Camp or Farm Good Time, and Lump Sum Awards.   Extra good time and seniority are inseparable with the exception of lump sum awards for which no seniority is earned.]

[(c)   "Seniority" refers to the time accrued in an extra good time earning status.   Twelve months of "seniority" automatically causes the earning rate to increase from three days per month to five days per month and seniority is then vested.]

[(d)   "Earning Status" refers to the status of an inmate who is in an assignment or employment which accrues extra good time.]

3.    [GOOD TIME CREDIT FOR VIOLATORS § 523.2.]

[(a)   An inmate conditionally released from imprisonment either by parole or mandatory release can earn statutory good time, upon being returned to custody for violation of supervised release, based on the number of days remaining to be served on the sentence.   The rate of statutory good time for the violator term is computed at the rate of the total sentence from which released.]

## Exhibit D, page 1

```
   RIVAR  540*23 *              SENTENCE MONITORING        *    10-10-2006
   PAGE 001          *          COMPUTATION DATA           *    10:04:47
                                AS OF 10-10-2006

REGNO..: 10449-007 NAME: COOK, PHILLIP D


FBI NO...........: 875522H             DATE OF BIRTH: 08-14-1948
ARS1.............: RIV/A-DES
UNIT.............: B                    QUARTERS.....: B02-116L
DETAINERS........: NO                   NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 01-26-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-02-2007 VIA PAROLE

---------------------CURRENT JUDGMENT/WARRANT NO: 040 ---------------------


COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F4033-84B
JUDGE..........................: GRAAE
DATE SENTENCED/PROBATION IMPOSED: 07-18-1990
DATE WARRANT ISSUED............: 01-05-2006
DATE WARRANT EXECUTED..........: 03-03-2006
DATE COMMITTED.................: 03-03-2006
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...: PROPERTY: NO  SERVICES: NO      AMOUNT: $00.00

---------------------CURRENT OBLIGATION NO: 010 ---------------------

OFFENSE CODE....: 620
OFF/CHG: 33-541, UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCE
         (HEROIN)

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   15 YEARS
 NEW SENTENCE IMPOSED...........: 2426 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 06-14-1984




G0002      MORE PAGES TO FOLLOW . . .
```

Exhibit D, page 2

```
   RIVAR  540*23 *            SENTENCE MONITORING        *    10-10-2006
PAGE 002 OF 002 *            COMPUTATION DATA           *    10:04:47
                             AS OF 10-10-2006

REGNO..: 10449-007 NAME: COOK, PHILLIP D


------------------------CURRENT COMPUTATION NO: 040 -------------------------


COMPUTATION 040 WAS LAST UPDATED ON 08-24-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-24-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 040: 040 010

DATE COMPUTATION BEGAN..........: 03-03-2006
TOTAL TERM IN EFFECT............: 2426 DAYS
TOTAL TERM IN EFFECT CONVERTED..:   6 YEARS      7 MONTHS      20 DAYS
EARLIEST DATE OF OFFENSE........: 06-14-1984

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    03-02-2006     03-02-2006

TOTAL JAIL CREDIT TIME..........: 1
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 637
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 01-23-2011
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 04-24-2012
EXPIRATION FULL TERM DATE.......: 10-21-2012

PAROLE EFFECTIVE................: 03-02-2007
PAROLE EFF VERIFICATION DATE....: 08-23-2006
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

PROJECTED SATISFACTION DATE.....: 03-02-2007
PROJECTED SATISFACTION METHOD...: PAROLE

REMARKS.......: RELEASE AUDIT COMPLETED BY THE DSCC.
```



```
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

October 12, 2006

Phillip D. Cook
Reg. No. 10449-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

Designation and Sentence Computation Center
ATTN: Alpha Team
U.S. Armed Forces REserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

RE:  Incorrect Computation of Sentence

Dear Alpha Team:

I am writing you in regards to bringing your attention to
the fact that you have incorrectly computed my sentence.  Based
on your sentence computation data sheet, you have computed my
"Full Term Expiration Date as 10-21-2012; (2) my "Statutory Good
Time Rate as eight (8) days a month; and (3) my "Statutory Release
Date as being 1-23-2011.  This computation is incorrect.  Let me
briefly explain to you why.

I began service of a fifteen year sentence that was imposed
in the Superior Court of the District of Columbia on July 18, 1990.
I was paroled by the D.C. Board of Parole from this sentence in
December of 1994.  In 1997, my parole was revoked by the D.C. Board
of Parole and remained in custody until the year 2000, where I
was granted parole by the U.S. Parole Commission.  My parole was
revoked by the U.S. Parole Commission in May of 2002.  I remained
incarcerated until February of 2004, when I was released on parole.
On March 3, 2006, a parole violator warrant was executed and I
was re-incarcerated.

From July 18, 1990, I was in exclusive custody of the D.C.
Department of Corrections, Lorton Central Facility.  When I was
released on parole in 1994, I was under the exclusive custody of
the D.C. Board of Parole when they violated my parole in 1997.  So,
from July 18, 1990 until 1997 is a total of seven (7) years, I
am entitled to all of my "street time" from December of 1994 until
1997," based on the "Good Times Credit Act," and the case of
Noble v. U.S. Parole Commission, 32 F.Supp.2d 11, 14 (See enclosed
copy), which stated that everyone under the exclusive custody of

the D.C. Department of Corrections and the D.C. Board of Parole from April 11, 1987 until April 23, 1998 was entitled to all of their "street time."

Now from 1997 until 2000 is three years, totaling my time to ten (10) years. My parole was revoked in May of 2002 and I remained incarcerated until February 2004 which is twenty-one (21) months, giving me a total of eleven (11) years and ten (10) months. I have not counted any "street time" from 1998 until 2006, knowing that I am not entitled to any. I owe at the time the parole violator warrant was executed on March 3, 2006, a total of three (3) years, two (2) months.

Finally, I have been given only eight (8) days a month SGT, instead of my original ten (10) days a month that I was receiving from my original fifteen (15) year sentence. Instead of only receiving 637 total days of SGT, I should have received a total of 790 days, but because I only owe a total sentence of three (3) years and two (2) months, I should receive 360 days SGT.

I am therefore requesting that my sentence be corrected.


Sincerely,


Phillip D. Cook


Enclosure:


-2-

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS

*Philip D. Cook*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** *88888*
**(EXCEPT IN U.S. PLAINTIFF CASES)**

*Pro Se (PA)*

## DEFENDANTS

*BP*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
~~TRACT OF LAND INVOLVED~~

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

*# 10449-007*

CASE NUMBER    1:06CV02108

JUDGE: Emmet G. Sullivan

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 12/11/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
      Plaintiff

☐ 3 Federal Question
      (U.S. Government Not a Party)

☒ 2 U.S. Government
      Defendant

☐ 4 Diversity
      (Indicate Citizenship of Parties
      in item III)

## III CITIZEN
FOR PLAINTIF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ⊠ G. *Habeas Corpus 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ⊠ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊠ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC 2241    Habeas Corpus

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES  ⊠ NO

**VIII. RELATED CASE(S) IF ANY** NF   (See instruction)   ☐ YES  ⊠ NO   If yes, please complete related case form.

**DATE** 12-11-06   **SIGNATURE OF ATTORNEY OF RECORD** NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.