**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                   )
PHILIP D. COOK,                    )
                                   )
      Petitioner,                  )
                                   )
  v.                               )  Civil Action No. 06-2108 (EGS)
                                   )
FEDERAL BUREAU OF PRISONS,         )
                                   )
      Respondent.                  )
_____)

## ORDER

On December 11, 2006, petitioner Philip D. Cook filed a habeas corpus petition challenging the failure of the Bureau of Prisons to give him credit for "street time" he spent on parole pursuant to the D.C. Good Time Credits Act of 1987 and to award him the correct amount of Statutory Good Time.  At the time of filing, petitioner was (and still is) an inmate at Rivers Correctional Institution in Winton, North Carolina.  On December 29, 2006, this Court issued an Order to Show Cause why the case should not be transferred to the United States District Court for the Eastern District of North Carolina and gave the petitioner until January 19, 2007 to respond.  When petitioner did not respond, the Court issued an order on February 1, 2007 transferring the case.  On February 16, 2007, petitioner filed a Motion for Relief from Court Order Dated February 1, 2007, Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  This motion is currently pending before the Court and will be treated as a response to the Court's Order to Show Cause and a

motion for reconsideration of the order directing that the case be transferred.

Petitioners may attack the manner of execution of a federal sentence pursuant to the federal habeas statute. *Chatman-Bey v. Thorburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988). However, district courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court may issue a writ only if it has jurisdiction over the custodian of the prisoner. *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004). The custodian is the warden of the prison where the prisoner is incarcerated, not the Federal Bureau of Prisons. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). This is true even when the petitioner is challenging the Bureau of Prisons' calculation of good time credit. *See, e.g.*, *Robertson v. Fed. Bureau of Prisons*, Civil Action No. 05-460, 2006 U.S. Dist. LEXIS 1968 (E.D. Ky. Jan. 19, 2006). Because this Court does not have jurisdiction over the warden of the Rivers Correctional Institution, it cannot grant any habeas relief.

Moreover, habeas jurisdiction attaches at the time the habeas petition is filed. *See Chatman-Bey*, 864 F.2d at 806 n.1 ("[H]abeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed."). In this case, the petitioner was

incarcerated in Winton, North Carolina when he filed his habeas petition.

In *Chatman-Bey*, the D.C. Circuit held that the district court may *sua sponte* transfer such cases to the appropriate jurisdiction after the habeas petitioner has been afforded notice and an opportunity to respond. 864 F.2d at 814. Petitioner has been given proper notice and the Court has considered his response to the Order to Show Cause. However, the Court still lacks jurisdiction over the petitioner's custodian. Accordingly, it is hereby

**ORDERED** that petitioner's motion for reconsideration is **DENIED**; and it is

**FURTHER ORDERED** that this case shall be **TRANSFERRED FORTHWITH** to the United States District Court for the Eastern District of North Carolina; and it is

**FURTHER ORDERED** that the Clerk of the Court shall remove this case from the active calendar of this Court.

**Signed:   Emmet G. Sullivan**
**United States District Judge**
**February 20, 2007**

<u>Notice to</u>:

Philip D. Cook
10449-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986